UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

HERBERT SAMUEL CHRISTENSEN, Jr.,

    Petitioner,

v.

DEBORAH HICKEY, *Warden*,

    Respondent.

Civil Action No. 5:11-00019-KSF

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Herbert Samuel Christensen, Jr., incarcerated in the Federal Medical Center located in Lexington, Kentucky, ("FMC-Lexington") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Christensen has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

Christensen alleges that his 235-month federal sentence violates the Due Process Clause of the United States Constitution because it was improperly enhanced under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e). As Christensen has not alleged that he is actually innocent of being a felon-in-possession of a firearm under § 922(g),

---

[1] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

or that other grounds exist entitling him to relief under § 2241, his § 2241 petition will be denied and this action will be dismissed with prejudice.

## LITIGATION HISTORY

Christensen was arrested after discharging a firearm at a motel while intoxicated. On May 13, 1998, a federal jury in South Carolina convicted him of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Christensen*, 4:98-CR-00238-CWH (D. S.C.) ("the Trial Court"). After determining that Christensen was an armed career criminal as defined by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[2] and U.S.S.G. § 4B1.4(b)(3)(B), the Trial Court sentenced Christensen to a 235-month prison term on October 16, 1998. The Trial Court based the ACCA enhancements on Christensen's seven prior convictions; four in the South Carolina state courts for burglary, housebreaking, grand larceny, and escape, and three escape convictions in the Nebraska state courts.

Christensen appealed, challenging the inclusion of his South Carolina and Nebraska convictions in the armed career criminal determination. He argued that because a federal district court in Nebraska had determined that his South Carolina convictions were constitutionally defective on habeas review, the Trial Court improperly considered them under § 924(e), and that because his Nebraska escape convictions did not qualify as violent offenses under Nebraska law, the Trial Court improperly used them to enhance his sentence under the ACCA.

---

[2] Under 18 U.S.C. § 924(e), a person is considered an armed career criminal if the present conviction is for a violation of § 922(g), and he has at least three prior convictions for a violent felony or a serious drug offense, or both, which were committed on different occasions.

The Fourth Circuit affirmed, finding that the Nebraska convictions sufficiently supported the Trial Court's decision to sentence Christensen as an armed career criminal under § 924(e). *United States v. Christensen*, 181 F.3d 92, 1999 WL 382326 (4th Cir. June 11, 1999) (Table).[3] The appellate court found that Christensen's argument had no merit under one of its prior cases, *United States v. Hairston*, 71 F.3d 115 (4th Cir. 1995), in which it applied the statutory definition of "violent felony" and determined that the offense of escape, by its very nature, "involves conduct that presents a serious potential risk of physical injury to another." *Christensen*, 181 F.3d 92, at *1 (citing *Hairston*, 71 F.3d at 117-18). Accordingly, the Fourth Circuit determined that the Trial Court properly used Christensen's Nebraska convictions to determine that he was a career offender, and properly sentenced him as an armed career criminal. *Id*.

On April 10, 2000, Christensen filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Christensen v. United States*, No. 4:00-CV-01116-CWH (D. S.C., at Florence) ("the § 2255 Court"). Of Christensen's thirteen challenges to his conviction and sentence, the five claims below pertained to §924(e) and/or his sentence under § 924(e):

(1) that the Trial Court improperly used his four prior South Carolina convictions to enhance his criminal history at sentencing;

(2) that § 924(e) is unconstitutionally vague;

(3) that § 924(e) is unconstitutionally retroactive;

---

[3] The Fourth Circuit held that because the Trial Court properly considered the Nebraska convictions and determined that they supported sentencing Christensen as an armed career criminal, it was unnecessary to address Christensen's objection to the Trial Court's inclusion of his prior South Carolina convictions in its § 924(e) determinations. *Id*.

3

(4) that § 924(e) violates the Commerce Clause; and

(5) that the Trial Court's power to determine what constituted a felony violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[4]

On April 9, 2003, the § 2255 Court denied Christensen's § 2255 motion, finding that he had failed to raise his non-constitutional claims on direct appeal, or had not shown "cause and prejudice" for failing to raise various constitutional claims on direct appeal. *Id.*, [R. 3, p. 3]. For the latter reason, the § 2255 Court addressed only two of Christensen's § 924(e) claims on the merits: (1) that the Trial Court had improperly used his South Carolina convictions to enhance his criminal history at sentencing, and (2) that the Trial Court's authority to define a felony violated *Apprendi*. *Id*.

The § 2255 Court rejected Christensen's challenge to the inclusion of his South Carolina convictions in the § 924(e) determinations, finding that Christensen had failed to raise that specific issue on direct appeal. *Id*. Specifically, the § 2255 Court observed that the Fourth Circuit's June 11, 1999, *per curiam* opinion affirming Christensen's sentence, *United States v. Christensen*, 192 F.3d 92, 1999 WL 382326, "made no mention of the argument [challenging the inclusion of the South Carolina convictions in the ACCA determination] in its order affirming his sentence, leading the Court to surmise that it was not appealed after all." *Id*.

---

[4] In *Apprendi*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."*Id*., 530 U.S. at 490.

The § 2255 Court then explained that even assuming that Christensen had challenged on direct appeal the inclusion of his South Carolina convictions in the § 924(e) determinations, and further assuming that the Fourth Circuit had ignored the argument, Christensen had neither successfully challenged his Nebraska convictions under *Custis v. United States*, 511 U.S. 485 (1994),[5] nor shown that his South Carolina convictions had been overturned. *Id*., pp. 3-4. Finally, the § 2255 Court rejected Christensen's *Apprendi* claim, explaining that under Fourth Circuit law, *Apprendi* is not retroactively applicable to cases on collateral review. *Id*., p. 7.

Christensen appealed the denial of his § 2255 motion. On June 26, 2003, the Fourth Circuit dismissed the appeal and refused to issue a Certificate of Appealability. *Id*., Docket Nos. 16 and 17; *see also Christensen v. United States*, 69 F. App'x 159 (4th Cir. 2003). The Fourth Circuit determined that on the merits of his claims, Christensen had not shown that he had been denied a constitutional right, as required by 28 U.S.C. § 2253(c)(2) and *Miller-El v. Cockrell*, 537 U.S. 322 (2003), or that as a procedural matter, the Trial Court had erred in denying his § 2255 motion. *Christensen*, 69 F. App'x at 160.

---

[5] *Custis* held that except for convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack the validity of previous state convictions used to enhance his sentence under ACCA. *Custis*, 511 U.S. at 496. The Court also held that a federal prisoner "in custody" for purposes of his state convictions at the time of his federal sentencing under § 924(e) may attack his state sentences in state court or through federal habeas review, and that if he successfully does so, he may then apply to reopen any federal sentence enhanced by the state sentences. *Id*. at 497.

5

## CLAIMS ASSERTED IN § 2241 PETITION

Christensen argues that based upon two recently rendered decisions, *Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687 (2009), and *United States v. Bethea*, 603 F.3d 254 (4th Cir. 2010), his prior South Carolina convictions no longer constitute predicate offenses under 18 U.S.C. § 924(e). Christensen alleges that based upon these two recent decisions, he is actually innocent of his prior South Carolina convictions on which the Trial Court based its armed career criminal determination in order to enhance his federal sentence under § 924(e).

## DISCUSSION
### 1. 28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective

Christensen is not entitled to relief under § 2241. In challenging his enhanced federal sentence, he fails either to assert a legitimate claim of actual innocence or to demonstrate that a retroactively applicable Supreme Court decision affords him relief in this proceeding.

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has

denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Additionally, the savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Christensen filed his § 2255 petition in 2000, and *Chambers* and *Bethea* were not rendered until 2009 and 2010, respectively. Thus, the only relevant consideration in this § 2241 proceeding is whether Christensen asserts a legitimate claim of actual innocence, and whether *Chambers* qualifies as a retroactively applicable decision holding that the conduct of which Christensen was convicted (being a felon-in-possession of a firearm) is no longer criminal. *See Bousley*, 523 U.S. at 620.

Christensen does not allege that after he was convicted, new facts or evidence surfaced suggesting that he is actually innocent of the § 922(g) felon-in-possession offense of which he was convicted. As Christensen merely challenges his ACCA-enhanced sentence, his claim is at best one of "legal innocence," not "actual innocence" of the underlying § 922(g) offense of

7

which was convicted. He is only challenging the "legal insufficiency" of his conviction. *Bousley,* 523 U.S. at 623.

Federal courts have not extended the savings clause to § 2241 petitioners, like Christensen, who challenge only their sentences. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *see also Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009). "No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense." *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C., July 23, 2009).

Similarly, this Court and other courts in this circuit have ruled that the savings clause of § 2255 does not extend to a § 2241 petitioner challenging only his enhanced sentence and his status as a career offender, not the underlying offense of which he was convicted. *Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, at *2 (N. D. Ohio July 20, 2010) (finding that the § 2241 petitioner did not assert a claim of actual innocence of the federal crime of which he was convicted; he instead alleged only that he was actually innocent of being a career offender); *Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at * 4 (E. D. Ky., July 19, 2010) (same); *McClurge v. Hogsten*, 10-CV-66-GFVT, 2010 WL 2346734, at * 4 (E. D. Ky., June 10, 2010) (same). Consequently, Christensen's § 2241 claim of "actual innocence" as to his ACCA-enhanced sentence is insufficient to invoke the savings clause of § 2255 and the extraordinary provisions of § 2241.

Christensen also fails to show that after his conviction became final, the Supreme Court rendered a retroactively applicable decision determining that the conduct of which he was convicted (being a felon- in-possession of a firearm) was no longer criminal. *See Bousley*, 523 U.S. at 620; *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002) (same).

As discussed, Christensen bases his argument on two relatively recent decisions, *Chambers v. United States*, 555 U.S. 122 (2009), and *United States v. Bethea*, 603 F.3d 254 (4th Cir. 2010). *Chambers* held that failure to report for periodic imprisonment was not a violent crime for purposes of sentencing under the ACCA, and further instructed lower courts to determine whether an offense constitutes a violent felony under the ACCA by applying one of two potentially applicable interpretive methods to the challenged statute. *Chambers*, 129 S.Ct. at 693.[6]

In *Bethea*, the Fourth Circuit explained that Bethea's South Carolina escape conviction did not inherently constitute a violent felony under the ACCA. Rather, the South Carolina

---

[6] In *Chambers*, the Supreme Court addressed an Illinois escape statute, which could be violated by a defendant's breaking out of jail or failing to report. The Court held that failure to report for periodic imprisonment was not a violent crime for sentencing purposes under ACCA. *Id.*, 129 S.Ct. at 693. The Court instructed lower courts to consider whether the statute proscribes conduct that "as generally committed" includes an element of violence. *Id.* at 690; *see also Taylor v. United States*, 495 U.S. 575, 598 (1990). Under the "categorical approach," the way in which a particular defendant violated the statute is irrelevant; the inquiry is whether the statutory language proscribes conduct that involves violence when the offense is considered generically. *Id.* Where an escape statute proscribes "at least two separate crimes," a court must analyze the crimes separately to determine if the defendant's conduct falls under the ACCA. *Id.* at 691.

9

statute made it a crime simply "to escape," and that under South Carolina law, escape encompassed both traditional escape and failure to report. *Id*., at 257-59. Based on *Chambers*, the Fourth Circuit used the "modified-categorical approach" to determine whether Bethea's charging documents and judicial records revealed whether he had pled guilty to generic conduct constituting a violent felony. *Bethea*, 603 F.3d at 259. The court concluded that because the criminal records did not necessarily show that Bethea had pled guilty to generic conduct constituting a violent felony, reversal was warranted. *Id*.

Christensen has not alleged that, based on the recent *Chambers* and *Bethea* decisions he attempted either to challenge his South Carolina escape conviction in the South Carolina state courts, or to seek the Fourth Circuit's permission to file a successive § 2255 petition in the Trial Court, both of which avenues were discussed in *Custis*. To the extent Christensen relies on *Chambers* and *Bethea* in this § 2241 proceeding, he states no claim for relief.

*Chambers* was rendered in a direct appeal, and applied to cases on direct appeal and at the sentencing stage at the time of its rendition. Unfortunately for Christensen, no Sixth Circuit or Supreme Court case applies *Chambers* retroactively to cases, like his, that are before a court on collateral review. In fact, other courts in this circuit have recently determined that *Chambers* does not apply retroactively to cases on collateral review under § 2241. *Thomas v. United States*, No. 1:10-CV-225, 2011 WL 167267, at *2 (E. D. Tenn. January 19, 2011); *Jackson v. United States*, 1:10-CV-4, 2011 WL 144913, at *2, (E. D. Tenn. January 18, 2011). Accordingly, *Chambers* does not provide Christensen with a basis of relief in this § 2241 proceeding.

As Christensen has not shown that he is actually innocent of being a felon-in-possession of a firearm, *see Raymer v. Barron*, 82 F. App'x 431 (6th Cir. 2003); *Coles v. United States*, 177 F. Supp.2d 710, 713 (N.D. Ohio 2001), or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Christensen's § 2241 petition will be denied, and this action will be dismissed, with prejudice.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Herbert Samuel Christensen, Jr.'s 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], is **DENIED**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Deborah Hickey, Warden of FMC-Lexington.

This March 9, 2011.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**